■ BERMONT OPERATING CORP., Appellant-Respondent, v CITY OF NEW YORK, Respondent-Appellant. — Judgment, Supreme Court, New York County (Adolph C. Orlando, J.), entered April 14, 1982, which, *inter alia,* granted plaintiff judgment against the defendant in the amount of $51,277.31, is unanimously modified, on the law and on the facts, to the extent of vacating the award of damages to the plaintiff, declaring that the plaintiff and defendant entered into a valid renewal lease agreement, commencing March 3, 1979, and otherwise affirmed, without costs. Plaintiff owned a building, located at 4650 Broadway in New York County. In 1964, the plaintiff leased space in it to the defendant City of New York, for use as an income maintenance center for the food stamp program of the Human Resources Administration. This 1964 lease provided for a 10-year term at an annual rental of $114,106. There was an option in this 1964 lease, which permitted the defendant to renew for two five-year periods, at a reduced annual rental of $104,436. In order to accommodate the defendant's desire to expand its space in these premises, on June 5, 1968, the plaintiff and defendant entered into a written modification of the 1964 lease, which provided for more space, extended the lease term and continued the option provision. The modified lease

went into effect on March 3, 1969, the date when plaintiff finished its alterations of the added space. Under the modified lease, the annual rental increased to $227,898; however, if the option was exercised, the annual rental would drop to $165,191. Pursuant to the applicable provisions of the lease, the defendant's option to renew was exercisable upon written notice to the plaintiff, six months prior to the lease expiration date; and, in the event that the defendant remained in the space after the lease expired, without having exercised its option, the lease was to continue on a month-to-month basis at the same rental as the last month of the expired term. It is undisputed that, more than six months before lease expiration, the defendant, on August 30, 1978, advised plaintiff of its intention to exercise its option. Defendant's letter in pertinent part stated: "The City of New York will exercise the five (5) year renewal option commencing March 3, 1979 at a reduced rental of $165,191 per annum, subject to Board of Estimate approval." Although the modified lease expired on March 3, 1979, without a renewal lease being approved, defendant commenced paying plaintiff the reduced monthly rental, which plaintiff accepted. It was not until September, 1979, that plaintiff gave its assent to the board of estimate resolution, which approved the renewal lease, with the retroactive effective date of March 3, 1979. Approximately a year after signing the renewal lease, plaintiff commenced an action in September, 1980, in which it sought a declaration that defendant had not properly or timely exercised the option to renew, and, therefore, the defendant was a month-to-month tenant, liable for the higher rent required to be paid under the lease that had expired March 3, 1978. After completion of a nonjury trial, Trial Term found (1) that plaintiff and defendant entered into a lease renewal, which became effective September, 1979; and (2) awarded plaintiff damages against defendant in the amount of $51,277.31, including interest, upon the basis that the plaintiff should have continued to be paid the higher rental from the date the old lease expired until the date the renewal lease took effect. Our review of the record leads us to conclude that Trial Term erred. Plaintiff admittedly signed the board of estimate resolution, which made the renewal lease effective as of March 3, 1979. As a consequence of this unequivocal act of the plaintiff, we declare that the renewal lease became effective on March 3, 1979. Plaintiff "evidenced what they intended by what they wrote" (*Raleigh Assoc. v Henry,* 302 NY 467, 473). Concur — Sandler, J. P., Sullivan, Ross, Silverman and Milonas, JJ.