OPINION OF THE COURT
Per Curiam.
Final judgment entered October 22, 1984 affirmed, with $10 costs.
This case presents the question whether a Board of Estimate resolution is required for the exercise of a renewal option for space leased to the City of New York by petitioner landlord. The original lease and a subsequent modification were approved by resolutions of the Board. Pursuant to the resolution authorizing the modification of the original lease, the term was extended for a period of 10 years, to expire March 3,1979, at an annual rental of $227,898. The modified lease, as authorized by the Board, *654 contained two five-year renewal options at a reduced rental of $165,191.
Prior to the instant proceeding, the parties were in litigation as to the validity of the exercise of the first renewal option. The city had timely notified the landlord (in Aug. 1978) of its intent to exercise the option, “subject to Board of Estimate approval”. The lease expired in March 1979 without a renewal lease being approved, but landlord thereafter accepted the city’s rent payments at the reduced option rental. In September 1979, the Board adopted a resolution retroactively authorizing the Division of Real Property to exercise “the first of two (2) five (5) year options to renew the lease to the City * * * The Board of Estimate deems the * * * rent fair and reasonable and that it would be in the best interest of the City of New York that such option be exercised” (emphasis added). Landlord thereafter signed the Board of Estimate resolution, and by reason of that “unequivocal act” was held to have assented to the exercise of the first option by the city (Bermont Operating Corp. v City of New York, 95 AD2d 729, 730, affd 60 NY2d 901).
The second renewal term, if the second option was properly exercised, was to commence March 3,1984. On August 12,1983, the Director of the Bureau of Leasing of the Department of General Services of the City of New York, purporting to speak for the city, wrote to landlord declaring that the city was exercising the second option to renew for an additional five-year period. No reference was made to the renewal being dependent upon a Board of Estimate resolution. Thereafter, on March 23, 1984, when no resolution was forthcoming, landlord instituted a summary holdover proceeding for possession. The Civil Court granted landlord summary judgment, and the city appeals.
We affirm. The New York City Charter § 67 provides that the Board of Estimate:
“shall exercise the powers and perform the duties imposed upon it by this charter, and shall:
“1. Grant leases of city property and concessions for the use of city property and enter into leases of property to the city for city use.”
Administrative Code of the City of New York § 67(1)-Lo, further provides, in pertinent part, that: “All applications to lease any real property for the purposes of the city * * * must be presented to and passed upon by the board of estimate. The board, * * * may authorize a lease of such premises as shall be specified in its resolution, at the rent therein set forth for a period of not exceeding twenty-one years. Such lease may con *655 tain a provision for renewals thereof at the option of the city. Such lease, however, shall not be authorized except at a fair and reasonable rent, and unless the board is satisfied, and shall so express, that it would be for the interest of the city that a lease of the premises for the purposes specified should be made”.
In this particular case, the Department of General Services was not authorized by the Board of Estimate to renew the lease for an additional five years, and no such authorization had been given by the Board as of the expiration of the first renewal term. The fact that the original Board of Estimate resolution(s) authorized a lease containing options to renew does not mean that the Board was authorizing, at that time, that such renewals be exercised. Indeed, the resolution adopted in 1979 speaks only to the first renewal option, and it is implicit that approval would again have to be obtained when the time came to exercise the second renewal option.
Considering the role of the Board of Estimate in these circumstances, and viewing its role, generally, in the governance of the affairs of the city, we conclude that its resolution of approval is a necessary prerequisite to the exercise and effectuation, on the city’s part, of consecutive options to renew a lease of real property for city purposes (see, dissenting opn of Shapiro, J., in 120 Bay St. Realty Corp. v City of New York, 59 AD2d 527, 528, revd on other grounds 44 NY2d 907). The Administrative Code devolves upon the Board of Estimate alone the responsibility for determining whether a rental of property to the city is at a fair and reasonable rate, and is otherwise in the city’s best interest. In view of the Board’s obligation to determine that the rent charged is reasonable, and in view of ever changing market conditions in the industry, we construe the legislative intent as placing upon the Board the responsibility to contemporaneously evaluate and authorize each lease renewal option as a separate transaction, at or about the time it is to be effectuated.
Maidgold Assoc. v City of New York (64 NY2d 1121), recently decided by the Court of Appeals, is not to the contrary. Firstly, that case does not involve the exercise of an option to renew. Moreover, in that case there was an extant Board of Estimate resolution authorizing the city to sublease certain space, subject to further approval by the Financial Control Board and the Mayor. The Financial Control Board and the Mayor’s office did in fact approve the sublease (as modified) entered into by the city, and the court found that the sublease complied with the Board of Estimate resolution. Here, as we have seen, while there was Board of Estimate approval for the original lease, a modifi *656 cation of the lease, and the exercise of the first renewal option, there was no such approval for the exercise of the second option.
Since the second renewal option was therefore not validly exercised, the lease was not renewed, the city’s possession was as a month-to-month tenant, and landlord is entitled to the judgment of possession appealed from.
Hughes and Parness, JJ., concur; Dudley, P. J., taking no part.